UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

REGINALD BOWERS,

          Plaintiff,

   v.                                    CAUSE NO. 3:22-CV-185-DRL-MGG

HOLT *et al.*,

          Defendants.

OPINION AND ORDER

Reginald Bowers, a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Under 28 U.S.C. § 1915A, the court still must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant.

Mr. Bowers alleges that, on February 21, 2021, he was attacked by two inmates. He was beat with a mop bucket, and his left ear was chewed off. He claims Sergeant Holt and Officer Williams did nothing to stop the attack. They knew the offenders in this unit were violent. Inmates housed in this unit must be restrained when escorted to recreation, and there is no group recreation. Sergeant Holt and Officer Williams, however, did not follow the policy, and Warden Hyatte did not enforce the policy. Sergeant Hensley, Officer Williams, and Officer Risch are yard officers, and they know how often there is

violence in the unit. They knew the person who had occupied Mr. Bowers' cell before him was attacked by the same offender that chewed Mr. Bowers' ear off. Therefore, Mr. Bowers concludes that they knew he could possibly be in danger, but none of them reacted in a timely manner.

When an inmate is attacked by another inmate, the Eighth Amendment is violated only if "deliberate indifference by prison officials effectively condones the attack by allowing it to happen." *Haley v. Gross*, 86 F.3d 630, 640 (7th Cir. 1996). The defendant "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). "[A] complaint that identifies a specific, credible, and imminent risk of serious harm and identifies the prospective assailant typically will support an inference that the official to whom the complaint was communicated had actual knowledge of the risk." *Gevas v. McLaughlin*, 798 F.3d 475, 481 (7th Cir. 2015).

Mr. Bowers complains generally that, because he was housed in a dangerous unit, the defendants knew he could possibly be in danger. He also speculates that an attack on the previous occupant of his cell put the defendants on notice that he could be attacked. The risks that Mr. Bowers identifies are the risks impacting each offender in his unit. "[P]risons are dangerous places," as "[i]nmates get there by violent acts, and many prisoners have a propensity to commit more." *Grieveson v. Anderson*, 538 F.3d 763, 777 (7th Cir. 2008). Mr. Bowers has not identified any specific, credible, and imminent risk of harm to him about which the defendants knew, so he may not proceed on this claim.

Mr. Bowers also complains that the defendants did not respond quickly enough when he was attacked. It is not clear that any defendant had a reasonable opportunity to intervene to stop the attack once it had begun. To the extent that any defendant was close enough to the fight to see what occurred, they still had no obligation to insert themselves into the altercation. "A prison guard, acting alone, is not required to take the unreasonable risk of attempting to break up a fight between two inmates when the circumstances make it clear that such action would put her in significant jeopardy." *Shields v. Dart*, 664 F.3d 178, 181 (7th Cir. 2011) (quoting *Guzman v. Sheahan*, 495 F.3d 852, 858 (7th Cir. 2007) and *Peate v. McCann*, 294 F.3d 879, 883 (7th Cir. 2002)). Mr. Bowers does not allege that the defendants were aware of the attack and did nothing; he alleges only that they did not act as quickly as he would have liked. This does not state a claim.

When the attack was over, Mr. Bowers' ear was sitting in a puddle of mop water. Sergeant Hensley said she was not touching it. Mr. Bowers' ear was retrieved after someone in the medical department requested it, but it could not be reattached. "An Eighth Amendment claim based on the infliction of psychological pain on an inmate requires (1) objectively, sufficiently serious misconduct, and (2) subjectively, an intent to wantonly inflict psychological pain for no legitimate purpose." *Snow v. List*, No. 11-CV-3411, 2014 WL 1515613, 1 (C.D. Ill. Apr. 17, 2014) (citing *Calhoun v. DeTella*, 319 F.3d 936, 939 (7th Cir. 2003)). While Sergeant Hensley's refusal to retrieve Mr. Bowers' ear was unprofessional and showed insensitivity to Mr. Bowers' plight, it does not rise to the level of a constitutional violation.

Finally, Mr. Bowers complains that Sergeant Holt called him Picasso after the attack was over. While this sort of name-calling is unprofessional, it is not serious enough to violate the Constitution. *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000). Therefore, Mr. Bowers may not proceed on this claim.

This complaint does not state a claim for which relief can be granted. Nevertheless, Mr. Bowers may file an amended complaint if he believes he can state a claim based on (and consistent with) the events described in this complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. After he properly completes that form addressing the issues raised in this order, he needs to send it to the court.

For these reasons, the court:

(1) GRANTS Reginald Bowers until **May 27, 2022**, to file an amended complaint; and

(2) CAUTIONS Reginald Bowers that, if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED.

April 29, 2022　　　　　　　　　　　　　　　*s/ Damon R. Leichty*
　　　　　　　　　　　　　　　　　　　　　Judge, United States District Court