UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

REGINALD BOWERS,

        Plaintiff,

   v.                                        CAUSE NO. 3:22-CV-185-DRL-MGG

HOLT *et al.*,

        Defendants.

OPINION AND ORDER

Reginald Bowers, a prisoner without a lawyer, filed an amended complaint against Sgt. Holt, Correctional Officer Williams, Sergeant Hensley, Officer Risch, and Warden Hyatte. ECF 10. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Under 28 U.S.C. § 1915A, the court still must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Mr. Bowers alleges that, on February 21, 2021, he was attacked by two inmates. He was beat with a mop bucket and his left ear was chewed off. Mr. Bowers claims that each of the defendants knew the offenders in this unit were violent. Offenders are assigned to this unit when they are violent, under investigation, in protective custody, or waiting to receive a conduct violation. The two offenders who attacked Mr. Bowers were known to

be violent. One of the inmates that attacked Mr. Bowers had recently attacked another inmate. Mr. Bowers claims he told each of the defendants that being around these offenders put him in danger, but nothing was done to protect him.

When an inmate is attacked by another inmate, the Eighth Amendment is violated only if "deliberate indifference by prison officials effectively condones the attack by allowing it to happen." *Haley v. Gross*, 86 F.3d 630, 640 (7th Cir. 1996). The defendant "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). "[A] complaint that identifies a specific, credible, and imminent risk of serious harm and identifies the prospective assailant typically will support an inference that the official to whom the complaint was communicated had actual knowledge of the risk." *Gevas v. McLaughlin*, 798 F.3d 475, 481 (7th Cir. 2015). Mr. Bowers complains generally that, because he was housed in a dangerous unit and he told the defendants he was in danger, they knew he was in danger.

As noted in the previous screening order (ECF 5), the risks posed by being housed in a unit with violent offenders are risks impacting each offender in the unit. "[P]risons are dangerous places," as "[i]nmates get there by violent acts, and many prisoners have a propensity to commit more." *Grieveson v. Anderson*, 538 F.3d 763, 777 (7th Cir. 2008). Mr. Bowers' amended complaint, like his earlier complaint, does not identify a specific, credible, and imminent risk of harm that the defendants knew existed, rather than mere general risks of danger. Accordingly, he may not proceed on this claim.

Mr. Bowers further claims Sergeant Holt and Officer Williams were present and watched but did nothing to stop the attack. "A prison guard, acting alone, is not required to take the unreasonable risk of attempting to break up a fight between two inmates when the circumstances make it clear that such action would put her in significant jeopardy." *Shields v. Dart*, 664 F.3d 178, 181 (7th Cir. 2011) (quoting *Guzman v. Sheahan,* 495 F.3d 852, 858 (7th Cir. 2007) and *Peate v. McCann,* 294 F.3d 879, 883 (7th Cir. 2002)). Because Mr. Bowers alleges that Sergeant Holt and Officer Williams were present during the attack and did nothing whatsoever to assist him, it can be plausibly inferred that they were deliberately indifferent to his safety. Therefore, Mr. Bowers will be granted leave to proceed against them on this claim.

When the attack was over, Sergeant. Hunsley and Officer Risch arrived. Mr. Bowers' ear was on the floor. Sergeant Hensley refused to pick up the ear. This claim has already been addressed by the court. ECF 5. As noted previously, while Sergeant Hensley's refusal to retrieve Mr. Bowers' ear was unprofessional and showed insensitivity to Mr. Bowers' plight, it does not rise to the level of a constitutional violation.

For these reasons, the court:

(1) GRANTS Reginald Bowers leave to proceed against Sergeant Holt and Officer Williams in their individual capacities for compensatory and punitive damages for deliberate indifference to his safety when they failed to take any action to stop the February 21, 2021, attack against Mr. Bowers while it was underway, despite an opportunity to do so, in violation of the Eighth Amendment;

(2) DISMISSES all other claims;

(3) DISMISSES Sgt. Hensley, Officer Risch, and Warden Hyatte;

(4) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Sergeant Holt and Correctional Officer Williams at the Indiana Department of Correction, with a copy of this order and the complaint (ECF 10);

(5) ORDERS the Indiana Department of Correction to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(6) ORDERS, under 42 U.S.C. § 1997e(g)(2), Sergeant Holt and Correctional Officer Williams to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

October 17, 2022

*s/ Damon R. Leichty*
Judge, United States District Court